UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHULER DRILLING COMPANY, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:22-CV-2062-X |
| § | |
| DISIERE PARTNERS LLC, et al., § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Shuler Drilling Co., Inc. ("Shuler") sued Disiere Partners, LLC ("Disiere Partners") and David Disiere (collectively "Disiere") for fraudulent transfer, civil conspiracy, and aiding and abetting. Disiere now moves to dismiss. [Doc. 18]. For the following reasons, the Court **GRANTS** that motion and **DISMISSES WITHOUT PREJUDICE** Shuler's fraudulent-transfer claim against Disiere Partners and its civil-conspiracy and aiding-and-abetting claims against both Defendants.

**I. Factual Background**

Shuler operated oil wells for Southern Management Services, Inc. ("Southern Management"). When their relationship deteriorated, Shuler sued Southern Management, recovering $906,451.17 in damages in the Western District of Arkansas in 2014. Shuler then abstracted that judgment to the property records of various Texas counties and domesticated the judgment in Texas, but to no avail. For years, Shuler has been unable to recover those damages from Southern Management. Accordingly, Shuler now sues Southern Management's corporate parent, Disiere

1

Partners, and Disiere Partners's president, David Disiere, bringing claims for fraudulent transfer, civil conspiracy, and aiding and abetting.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[1]  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[2]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]

## III. Analysis

Shuler brings claims for (A) fraudulent transfer, (B) civil conspiracy, and (C) aiding and abetting.  The Court analyzes each in turn.

### A. Fraudulent Transfer

Under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), a plaintiff may recover only if it identifies the defendant as a transferee.[4]  Here, Shuler alleges that "Southern Management made the Transfers to Defendants," but it doesn't articulate

---

[1] *See Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

[3] *Id.*

[4] *GE Cap. Com., Inc. v. Wright & Wright, Inc.*, No. 3:09-CV-572-L, 2009 WL 5173954, at *6 (N.D. Tex. Dec. 31, 2009) (Lindsay, J.) (recognizing that a plaintiff may recover only from "the first transferee of the asset . . . or any subsequent transferee other than a good faith transferee who took for value").

exactly which transfers Southern Management made to Disiere Partners—as opposed to David Disiere.[5]  Here's why that's a problem: Courts in this circuit have "appl[ied] Rule 9(b)'s heightened pleading standards to actual fraudulent transfers."[6] And "[g]eneral allegations, which lump all defendants together[,] . . . cannot meet the requirements of Rule 9(b)."[7]  Accordingly, Shuler fails to satisfy Rule 9(b)'s requirement to explain how Disiere Partners is a transferee.

Shuler cites three excerpts of its complaint that, it claims, show that Disiere Partners is a transferee.[8]  None does the trick.  First, Shuler says that, "on its consolidated tax return for 2016, . . . Disiere Partners identified . . . gross receipts of more than $14 million for Southern Management."[9]  But that statement doesn't show that Disiere Partners itself received any portion of that $14 million.  Second, Shuler says that, "[b]y the end of 2012, Disiere Partners was paying millions of dollars out of Southern Management."[10]  But the statement that Disiere Partners was "paying

---

[5] Doc. 15 at 12.

[6] *In re Northstar Offshore Grp., LLC*, 616 B.R. 695, 733 (Bankr. S.D. Tex. 2020); *see also Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, No. 3:17-CV-1147-D, 2019 WL 329545, at *7 (N.D. Tex. Jan. 25, 2019) (Fitzwater, J.) (stating that a claim under § 24.005(a)(1) of TUFTA "is likely subject to Rule 9(b)").  Notably, Shuler appears to agree that Rule 9(b)'s standard governs this claim, so the Court assumes *arguendo* that Rule 9(b) applies.  *See* Doc. 23 at 5 (arguing that its complaint met Rule 9(b)'s pleading standard).

[7] *Tigue Inv. Co., Ltd. v. Chase Bank of Tex., N.A.*, No. 3:03-CV-2490-N, 2004 WL 3170789, at *1 (N.D. Tex. Nov. 15, 2004) (Godbey, J.) (cleaned up).

[8] Although Shuler cites many other excerpts, the rest don't come close to showing how Disiere Partners is a transferee.  For instance, Shuler alleges that Southern Management paid "interest on a loan to Frost Bank . . . in the amount of $39,746.12" but it entirely fails to allege that Disiere Partners had any connection to that loan.  Doc. 15 at 8.

[9] *Id.* at 4.

[10] *Id.* at 7.

[money] out of Southern Management" doesn't show that Disiere Partners was the recipient of those funds. Third, Shuler avers that Southern Management's sale of an oil rig in 2015 "resulted in a profit to Southern Management."[11] But the statement that profit went "to Southern Management" doesn't show that Disiere Partners received any of that profit.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Shuler's fraudulent-transfer claim against Disiere Partners. Shuler may file an amended complaint within 28 days specifying how Disiere Partners is a transferee.

## B. Civil Conspiracy

A creditor's status as a general or lien creditor determines whether it may bring a civil-conspiracy claim. "[A] general creditor does not have a cause of action for civil conspiracy."[12] Here's why: A civil-conspiracy plaintiff must prove that "the defendants [committed] a wrongful act in violation of ***some right of the [plaintiff]***."[13] "[A] mere general creditor without a lien has no interest in the debtor's property, and hence is not legally injured by any conspiracy with the debtor to aid him in disposing of his property."[14] In other words, a general creditor's "loss suffered is not of a right, but of a chance to secure a right."[15] Conversely, "a judgment

---

[11] *Id.* at 8.

[12] *Mack v. Newton*, 737 F.2d 1343, 1356 (5th Cir. 1984).

[13] *Stonecipher's Estate v. Butts' Estate*, 591 S.W.2d 806, 808 (Tex. 1979) (cleaned up) (emphasis added).

[14] *Id.* (cleaned up).

[15] *Id.*

4

creditor, with a lien on the property made the basis of a cause of action for conspiracy to prevent the collection of such lien, may recover such damages as result from the conspiracy."[16]

Here, Shuler alleges in conclusory fashion that it "is a lien creditor, which holds a lien on Southern Management's assets, based on the Judgment" in the Western District of Arkansas case.[17] That statement doesn't cut it for three reasons. First, it's entirely conclusory, and "conclusory allegations . . . will not suffice to prevent a motion to dismiss."[18] Second, it is not enough for a plaintiff to allege that it is a lien creditor over a defendant's "assets" generally. Instead, a plaintiff must show that it has "a lien ***on the property [that is] the basis of a cause of action*** for conspiracy."[19] So Shuler needs to be more specific about the property on which it purportedly has a lien. Third, Shuler's other allegations don't show that it's a lien creditor, and, tellingly, Shuler makes no argument that they do. For instance, Shuler avers that it "abstracted [the Arkansas judgment] [to] the real property records of numerous counties . . . in Texas" and that it "domesticated the Judgement [*sic*] by filing it in the 134th District Court of Dallas County."[20] But to transform a judgment into a lien, a creditor must "file a technically compliant abstract."[21] Shuler's allegations about abstraction don't

---

[16] *Id.*

[17] Doc. 15 at 13.

[18] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (cleaned up).

[19] *Stonecipher's Estate*, 591 S.W.2d at 808 (emphasis added).

[20] Doc. 15 at 3.

[21] *E.E.O.C. v. Serv. Temps, Inc.*, 782 F. Supp. 2d 288, 292 (N.D. Tex. 2011) (Fitzwater, J.).

5

provide the Court with enough detail to determine whether Shuler obtained a lien over any property.

Likely recognizing that it hasn't shown itself to be a lien creditor, Shuler tries another avenue, alleging that general creditors can, in fact, bring civil-conspiracy claims. Here's its rationale: After the Texas Supreme Court initially held that a general creditor can't bring a civil-conspiracy claim, the Texas Legislature passed TUFTA. One Texas appellate court—in an unpublished opinion—eschewed those "pre-TUFTA cases" with one sentence of analysis—TUFTA now "permits plaintiffs to pursue both money damages and equitable relief in regard to fraudulent transfers."[22] The Court isn't persuaded for two reasons.

First, the appellate court's reasoning is underdeveloped—at best. The Court reasoned that TUFTA "permits plaintiffs to pursue both money damages and equitable relief in regard to fraudulent transfers."[23] But it didn't explain why TUFTA's provision of damages for a fraudulent-transfer claim has any impact on a civil-conspiracy claim. And the Court doesn't discern any such impact. The Texas Supreme Court originally held that a general creditor couldn't recover for civil conspiracy because "[t]he damage sustained by [a general] creditor is in being deprived of an opportunity to make a levy and this damage is too remote."[24] Regardless of TUFTA's damages provision, the Texas Supreme Court's reasoning still holds water—

---

[22] *Mosaic Baybrook One LP v. Cessor*, No. 14-19-00514-CV, 2021 WL 2656613, at *11 (Tex. App.—Houston [14th Dist.] June 29, 2021, pet. denied).

[23] *Id.*

[24] *Stonecipher's Estate*, 591 S.W.2d at 808.

a general creditor's injury is too remote to sustain a civil-conspiracy claim. With such thin reasoning, the Court declines to declare that TUFTA abrogated the Texas Supreme Court's decision. Second, perhaps confirming the dearth of *sub silentio* abrogation, courts have consistently barred general creditors from bringing civil-conspiracy claims even after TUFTA's enactment in 1987.[25]

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Shuler's civil-conspiracy claim. Shuler may file an amended complaint within 28 days providing factual allegations showing whether it is a lien creditor.

### C. Aiding and Abetting

Concerning Shuler's aiding-and-abetting claim, Disiere contends that "no such cause of action exists in Texas."[26] Shuler agrees that "its aiding and abetting claim should be dismissed."[27] Given that agreement, the Court **DISMISSES WITHOUT PREJUDICE** Shuler's aiding-and-abetting claim.

### IV. Conclusion

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Shuler's fraudulent-transfer claim against Disiere Partners and its civil-conspiracy

---

[25] *See, e.g.*, *Basic Cap.*, 2019 WL 329545, at *8 ("[B]ecause plaintiffs have alleged no more than that they were general creditors as to any allegedly fraudulently transferred property, and because, under Texas law, a general creditor cannot recover damages for conspiracy to commit a fraudulent conveyance, plaintiffs have failed to state a plausible conspiracy claim."); *Clapper v. Am. Realty Inv'rs, Inc.*, No. 3:14-CV-2970-D, 2015 WL 3504856, at *5 (N.D. Tex. June 3, 2015) (Fitzwater, J.) ("[U]nder *Estate of Stonecipher* plaintiffs cannot state a claim for conspiracy to commit a fraudulent transfer of this stock.").

[26] Doc. 18 at 15.

[27] Doc. 23 at 9.

and aiding-and-abetting claims against both Defendants. Shuler may file an amended complaint within 28 days, providing the factual allegations specified above.

    **IT IS SO ORDERED** this 12th day of July, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE