UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCHULER DRILLING COMPANY, INC., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | Civil Action No. 3:22-cv-2062-X |
| DISIERE PARTNERS, LLC f/k/a DISIERE PARTNERS, and DAVID J. DISIERE | § § § § | |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Disiere Partners and Daivd J. Disiere's motion to dismiss. (Doc. 37). After reviewing the motion, response, reply, and applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss (Doc. 37).

## I. Factual Background

This is a complicated case involving as many as three fraudulent transfers by two entities from as early as 2012. But equally as complicated as the underlying subject matter in this case is its procedural history. This case was removed to this Court on September 16, 2022.[1] A little over two months later, Schuler filed an amended complaint.[2] In the amended complaint, Schuler brought (1) a fraudulent-

_____

[1] Doc. 1.

[2] Doc. 15.

1

transfer claim against the defendants under Section 24.005(a)(1) of the Texas Uniform Fraudulent Transfers Act ("TUFTA") for two fraudulent transfers, (2) a civil-conspiracy claim against both defendants, (3) an aiding-and-abetting claim against both defendants, and a fraudulent-concealment claim against both defendants.[3] The Court dismissed Schuler's fraudulent-transfer claim against defendant Disiere Partners and dismissed Schuler's civil-conspiracy and aiding-and-abetting claims against both the defendants.[4] But the Court's dismissal was without prejudice.[5] For the fraudulent-transfer claim, the Court instructed that Schuler refile specifying, as a factual matter, how Disiere Partners was a transferee.[6] The Court instructed Schuler to refile adding factual content to its civil-conspiracy and aiding-and-abetting claims.[7]

Schuler refiled its complaint.[8]  In the now-operative complaint, Schuler amended its fraudulent-transfer claim, dropped its civil-conspiracy and aiding-and-abetting claims, added veil piercing theories, and kept its fraudulent-concealment claim.[9]

The defendants have filed another motion to dismiss, arguing that Schuler's amendments as to its fraudulent-transfer claim and veil piercing theories are beyond

---

[3] Doc. 15 at 12–15.  Schuler also seeks attorney's fees.  *See id.*

[4] Doc. 33 at 7–8.

[5] *Id.*

[6] *Id.* at 1.

[7] *Id.*

[8] Doc. 36.

[9] *Id.* at 13–15 (fraudulent-transfer claim); *id.* at 13–16 (all claims).

the scope of this Court's limited refiling instruction.[10]   The Court now reviews the defendants' motion.

## II.   Legal Standard

Federal Rule of Civil Procedure 8 requires a pleading to state "a short and plain statement of the claim showing that the pleader is entitled to relief."[11]   The pleading standard does not require detailed factual allegations, but "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."[12]   For a complaint to survive a motion to dismiss under Rule 12(b)(6), it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[13]   A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[14]   For purposes of a motion to dismiss, courts must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.[15]   "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."[16]

---

[10] Doc. 37.

[11] FED. R. CIV. P. 8(a)(2).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Id.*

[14] *Id.*

[15] *Muhammad v. Dallas Cnty. Cmty. Supervision & Corrs. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007).

[16] *Ramming v. U.S.*, 281 F.3d 158, 161–62 (5th Cir. 2001).

### III.  Analysis

In its second motion to dismiss, the defendants seek to dismiss Schuler's (1) fraudulent-transfer claim against David Disiere, (2) fraudulent-transfer claim against Disiere Partners, and (3) vicarious liability theories.[17]

## A. Fraudulent-Transfer Claim Against
## David Disiere for the Dividend Transfer

The defendants seek to dismiss Schuler's fraudulent-transfer claim against David Disiere because (1) it exceeds the scope of the Court's previous dismissal order, (2) Schuler has not established good cause to add this claim, and (3) amendment would be futile because TUFTA's statute of repose has extinguished this claim.[18]  In response, Schuler argues that its amendment does not exceed the scope of the Court's previous dismissal order and the proposed amendment is not futile.[19]  The Court agrees with the defendants.

"[C]ourts have the power to strike amended claims when a plaintiff has exceeded the granted scope of leave to amend."[20]  Here, the Court previously granted Schuler leave to amend its fraudulent-transfer claim against Disiere Partners on limited grounds.[21]  More specifically, the Court dismissed this claim because

---

[17] Doc. 37 at 5–6.

[18] Doc. 37 at 10–16.

[19] Doc. 40 at 10–13.

[20] *Owens v. Trans Union, LLC*, No. 4:20-CV-665-SDJ-KPJ, 2022 WL 17728873, at *4 (E.D. Tex. Sept. 9, 2022) (collecting cases), *report and recommendation adopted sub nom. Owens v. TransUnion, LLC*, No. 4:20-CV-665-SDJ-KPJ, 2024 WL 554115 (E.D. Tex. Feb. 12, 2024)

[21] Doc. 33 at 4.

Schuler's complaint didn't "articulate exactly which transfers Southern Management made to Disiere Partners—as opposed to David Disiere."[22]  Therefore, because the Court observed that Schuler's TUFTA claim is subject to Rule 9(b)'s heightened pleading standard, the Court granted Schuler leave to "specify[] how Disiere Partners is a transferee."[23]

Instead of adhering to these requirements, Schuler went beyond the Court's instruction because its repleading added a new transfer.  In its original complaint, Schuler complained of two fraudulent transfers: the transfer of cash proceeds from the sale of the Loadcraft Rig to David Disiere (2015)[24] and interest payments made to Frost Bank (2015).[25]  In addition,

- "***Both transfers*** were made after the judgment was entered";[26]

- "The ***interest payment*** together with the legal fees is referenced as the 'Interest Payments,' ***and*** together with the ***Rig Transfer*** referenced as 'the Transfer***s***'";[27]

- "The Transfers were made shortly ***after*** a substantial debt, the Judgment, was incurred";[28]

- "Nonetheless, Defendants' Production reveals the ***two*** Transfers identified

---

[22] *Id.* at 2–3.

[23] *Id.* at 2.

[24] Doc. 15 at 7–8.

[25] *Id.* at 8.

[26] *Id.* (emphasis added).

[27] *Id.* at 8 n.5 (emphasis added).

[28] *Id.* at 9 (emphasis added).

above[.]"[29]

But in its amended complaint, Schuler complains of a third allegedly fraudulent transfer. This transfer refers to a dividend payment made three years before the other two transfers.[30]

- "The Production also revealed *three* fraudulent transfers";[31]

- "Southern Management's Production Revealed At Least ***Three*** Fraudulent Transfers";[32]

- "The interest payment together with the legal fees is referenced as the "Interest Payments," and together with the Rig Transfer and the Dividend Transfer, referenced as the 'the Transfers'";[33]

- "The Rig Transfer and Interest Payments were made after the Judgment was entered, and the Dividend Transfer was made *after* Southern Management had been *sued* (all collectively referred to as the "Transfers")";[34]

- "The Transfers were made *after* Southern Management had been *sued*, and indeed, with respect to the Rig Transfer and the Interest Transfer, after the Judgment was entered[.]"[35]

Not only does Schuler add a new transfer, but this new transfer is made against David

---

[29] *Id.* at 11 (emphasis added).

[30] Doc. 36 at 7.

[31] *Id.* (emphasis added).

[32] *Id.* (emphasis added).

[33] *Id.* at 9 n.4.

[34] *Id.* at 10 (emphasis added).

[35] *Id.* at 14 (emphasis added).

Disere himself, and not against Disiere Partners.[36]  So the Court finds that Schuler's refiled complaint, which seeks to add a third transfer against David Disiere individually, outside the scope of the Court's limited instruction to "specify[] how Disiere Partners is a transferee."[37]

Realizing the possibility that this amendment was out of bounds, Schuler requests leave to amend.  "In deciding whether to grant leave to amend, [a] district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[38]

Here, the Court denies Schuler's request for leave to amend to add a third transfer because the proposed amendment would be futile, as TUFTA's statute of repose has extinguished this claim.  In its amended complaint, Schuler is seeking recovery under section 24.005(a)(1) of TUFTA.  Claimants bringing actions under section 24.005(a)(1) are barred from recovery if either (1) it's been four years since the transfer was made or (2) outside of one year after the claimant could have reasonably discovered the fraudulent transfer, whichever condition is latter.[39]  Here,

---

[36] Doc. 36 at 7.

[37] *Id.* at 2.

[38] *Bell v. Dallas Cnty.*, 491 F. App'x 497, 498 (5th Cir. 2012).

[39] In the Legislature's words, it titled the law an "Extinguishment Of Cause Of Action" and provided:

> Except as provided by Subsection (b) of this section, a cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought: (1) under Section 24.005(a)(1) of this code, within four years after the transfer

Schuler pleads that it could not have discovered the 2012 transfer until March 2022[40] or May 2022.[41]  Schuler filed its proposed amendment adding this new transfer on August 8, 2023.  This date is well beyond 4 years from the 2012 transfer and either 16 or 14 months removed from when Schuler discovered the nature of this transfer.  Either way, it is outside the Texas Legislature's 12-month window for repose.

To its credit, Schuler doesn't contend that its proposed amendment is timely as filed on August 8, 2023.  Instead, Schuler argues that its proposed amendment adding a third transfer relates back to the date of its original, two-transfer complaint.  This Court's precedent disagrees.[42]  And for good reason.

Rule 15(c) of the Federal Rules of Civil Procedure governs relation back.  Rule 15(c)(1)(A) allows a proposed amendment to relate back to the original pleading if "the applicable statute of limitations allows relation back."  TUFTA does not have a statute of limitation, it has a statute of repose.[43]  And this distinction makes all the difference because, "while statutes of limitations operate procedurally to bar the enforcement of a right, a statute of repose takes away the right altogether, creating

---

was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant[.]

TEX. BUS. & COM. CODE § 24.010(a)(1).

[40] Doc. 36 at 14.

[41] *Id.* at 6.

[42] *See Taylor v. Trevino*, 569 F. Supp. 3d 414 (N.D. Tex. 2021) (Fitzwater, J.) (denying leave to amend because TUFTA claim doesn't relate back to the date of the original complaint)

[43] TEX. BUS. & COM. CODE § 24.010(a)(1); *Nathan v. Whittington*, 408 S.W.3d 870, 874 (Tex. 2013) (interpreting section 24.020(a)(1) as a statute of repose because it creates a substantive right to be free from a lawsuit rather than procedurally barring the enforcement of a right)

a substantive right to be free of liability after a specified time."[44]  And the federal rules cannot "abridge, enlarge or modify any substantive right."[45]  So allowing Schuler's newly pled claim to relate back would run contrary to this Court's precedent, the Supreme Court of Texas's precedent, and the Federal Rules of Civil Procedure.  That's a heavy lift.

Therefore, the Court denies Schuler's request for leave to amend to add a third transfer.

### B. Fraudulent-Transfer Claim Against Disiere Partners

The Court previously granted Schuler leave to amend its fraudulent-transfer claim against Disiere Partners because Schuler's complaint didn't "articulate exactly which transfers Southern Management made to Disiere Partners—as opposed to David Disiere."[46]  Therefore, because the Court observed that Schuler's TUFTA claim is subject to Rule 9(b)'s heightened pleading standard, the Court granted Schuler leave to "specify[] how Disiere Partners is a transferee."[47]

The Court finds that Schuler's amended complaint satisfies Rule 9(b)'s heightened pleading standard.  For instance, paragraphs 37 through 39 of the amended complaint provides additional detail around the Rig Transfer.  While paragraphs 37 and 38 focus mostly on David Disiere's involvement individually,

---

[44] *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 866 (Tex. 2009).

[45] 28 U.S.C. § 2072.

[46] *Id.* at 2–3.

[47] *Id.* at 2.

paragraph 39 details how Disiere Partner's consolidated tax return shows how David Disiere could be an initial or subsequent transferee of the Rig Transfer.[48]  In addition, paragraphs 41 and 42 provide enough detail describing how Southern Management consolidated its finances into Disiere Partners, the Court finds that Schuler has pled enough facts to keep this claim alive.

## C. Veil Piercing

The defendants also move to dismiss and/or strike the portions of Schuler's refiled complaint that refer to veil piercing because it is outside of the Court's instruction and Schuler never asked for leave.[49]  In response, Schuler states that the new veil piercing allegations in the Amended complaint "merely add detail" to the original complaint.[50]  In the alternative, Schuler requests leave to amend to add veil piercing facts.[51]  The Court agrees with Schuler.

Assuming without deciding Schuler went beyond this Court's instructions, the Court would grant Schuler leave to amend.  As the Fifth Circuit instructs, "[i]n deciding whether to grant leave to amend," a district court may weigh the following factors: "undue delay, bad faith or dilatory motive on the part of the movant, repeated

---

[48] Doc. 36 at ¶ 39.  Sure, while paragraph 39 is pled in the alternative where Disiere Partners is an initial transferee in one instance and a subsequent transferee in another, the Federal Rules of Civil Procedure expressly allow for a party may plead alternative theories even if those theories are contradictory in nature.  *See* FED. R. CIV. P. 8(d) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

[49] Doc. 37 at 20–21.

[50] Doc. 40 at 18–19.

[51] *Id.* at 19–20.

10

failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[52]  Here, Schuler has established good cause because the Court finds that the proposed amendment won't cause delay, prejudice the defendants, nor is futile.

## V. Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss (Doc. 37).  The Court dismisses Schuler's third fraudulent transfer in the amended complaint but allows Schuler's veil piercing theory and additional facts regarding Disiere Partner's involvement.

**IT IS SO ORDERED** this 28th day of February, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[52] *Bell*, 491 F. App'x at 498.

11