UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHULER DRILLING COMPANY, INC., § § § *Plaintiff,* § § § v. § § § DISIERE PARTNERS, LLC f/k/a § DISIERE PARTNERS, and DAVID § J. DISIERE, § § *Defendants.* § § | Civil Action No. 3:22-CV-2062-X |

# MEMORANDUM OPINION AND ORDER

Before the Court is Defendants David J. Disiere and Disiere Partners, LLC f/k/a Disiere Partners' (collectively, the "Disiere Defendants") second motion for summary judgment. (Doc. 71). Having considered the parties' arguments, the underlying facts, and the applicable law, the Court concludes that there are genuine disputes of material fact precluding summary judgment here. As such, the Court **DENIES** the motion. (Doc. 71).

## I. Background

This is an alleged fraudulent transfer case. Plaintiff Shuler Drilling Company, LLC ("Shuler") obtained a judgment in the Western District of Arkansas against Southern Management, a company wholly owned by the Disiere Defendants. After some contentious, post-judgment discovery disputes in Arkansas, Shuler brought the present action under the Texas Uniform Fraudulent Transfer Act ("TUFTA") against the Disiere Defendants alleging that two asset transfers were fraudulent: (1)

1

Southern's alleged transfer of cash proceeds from the sale of an oil drilling rig to David Disiere in 2015 (the "Rig Transfer") and (2) Southern's payment of approximately $40,000 in interest on a loan and other fees to Frost Bank for the benefit of David Disiere (the "Interest Transfer"). According to Shuler, these concealed transfers were made after Shuler obtained a judgment against Southern Management with funds that could and should have paid the judgment. Instead, Shuler alleges that the Disiere Defendants intended to make these transfers so that Southern Management would be unable to pay the judgment against it. The Disiere Defendants moved for summary judgment based on TUFTA's statute of repose and their good faith transfer defense. The motion is ripe for this Court's consideration.

## II. Legal Standard

Courts may grant summary judgment if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] A material fact is one "that might affect the outcome of the suit under the governing law."[2] And "[a] dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] The party moving for summary judgment bears the initial burden of identifying the evidence "which it believes demonstrate[s] the absence of a genuine [dispute] of material fact."[4]

## III. Analysis

---

[1] FED. R. CIV. P. 56(a).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (cleaned up).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 318, 323 (1986); *see also* FED. R. CIV. P. 56(c)(1).

The Disiere Defendants contend that they are entitled to summary judgment because (1) TUFTA's statute of repose extinguishes the Rig Transfer claim, and (2) TUFTA's good faith transfer defense bars the Interest Transfer claim. The Court will consider each in turn.

## A. The Rig Transfer

The Court concludes that summary judgment is improper as to the Rig Transfer claim because there is a genuine dispute of material fact concerning when the alleged fraudulent nature of the Rig Transfer was readily discoverable.

TUFTA has four-year statute of repose and one-year discovery window. Under TUFTA § 24.010(1), a cause of action for fraudulent transfer is extinguished unless it is brought within four years after the transfer was made or within one year after the transfer could have been discovered by the claimant.[5] The Fifth Circuit has further explained that a fraudulent transfer claim must "be filed within one year of when the *fraudulent nature* of the transfer was or reasonably could have been discovered."[6] "When a plaintiff discovered or could reasonably have discovered a transfer is generally a question of fact for the fact-finder."[7]

Here, the Rig Transfer occurred in 2015,[8] and Shuler filed this suit in 2022.[9] The Disiere Defendants contend that Shuler could have reasonably discovered the

---

[5] TEX. BUS. & COM. CODE § 24.010(a)(1).

[6] *Janvey v. Democratic Senatorial Campaign Comm., Inc.*, 712 F.3d 185, 194–95 (5th Cir. 2013) (emphasis in original).

[7] *Janvey v. Romero*, 817 F.3d 184, 189 (5th Cir. 2016).

[8] Doc. 72 at 5.

[9] Doc. 1-1 at 4.

3

Rig Transfer prior to July 29, 2021 because Shuler received many documents including emails, balance sheets, income statements, and other financial statements that concerned and showed evidence of the sale of the loadcraft rig at issue. Shuler disagrees. Shuler contends that it received limited pieces of information related to the rig sale, but it was not until the Disiere Defendants produced documents in December 2022, specifically Southern Management's 2015 general ledger, that Shuler could have discovered the alleged fraudulent nature of the transfer. Both parties point to summary judgment evidence in support of their position.[10]

Determining when Shuler could have been aware of the alleged fraudulent nature of the Rig Transfer is a question for the factfinder. Therefore, the Court must deny summary judgment here.

## B. The Interest Transfer

The Court concludes that there are several genuine disputes of material fact concerning whether the Disiere Defendants have established the elements of a good faith defense to TUFTA.

Under TUFTA, "[a] transfer or obligation is not voidable . . . against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or oblige."[11] A "transferee who takes property with knowledge of such facts as would excite the suspicions of a person of ordinary prudence and put him on inquiry of the fraudulent nature of an alleged transfer does not take the

---

[10] Doc. 77-2 at 21–51; Doc. 73 at 74–81, 83–140, 173, 211–12, 232.

[11] TEX. BUS. & COM. CODE § 24.009(a).

4

property in good faith[.]"[12] "[A] transferee's notice of fraudulent intent is a question of fact that generally goes to the jury."[13]

Here, Shuler alleges that in an effort to avoid paying Shuler's judgment against it, Southern Management paid approximately $40,000 in interest on a loan and other fees to Frost Bank in 2015 for the benefit of Disiere at a time when it was insolvent.[14] The Disiere Defendants contend that the Interest Transfer was made in good faith because it was made for a valid antecedent debt. But Shuler says that the Frost Bank loan was not executed or notarized and nor did Southern receive reasonably equivalent value for the transfer. Shuler also points to evidence that the Interest Transfer was made at a time when Southern Management and the Disiere Defendants were actively avoiding paying Shuler's judgment and muddling the transfer through insider transactions and layers of loans.[15]

The Court determines that Shuler has identified specific evidence and articulated the evidence sufficiently to establish that there are genuine disputes of material fact related to the Disiere Defendants' good faith defense. Accordingly, a jury shall determine whether the Interest Payment was a fraudulent transfer.

## IV. Conclusion

The Court **DENIES** the Disiere Defendants' second motion for summary

---

[12] *GE Capital Commer., Inc. v. Wright & Wright, Inc.*, Civil Action No. 3:09–CV–572–L, 2011 WL 124237, *5 (N.D. Tex. Jan. 13, 2011) (Lindsay, J.).

[13] *Id.* (cleaned up).

[14] Doc. 77-2 at 27.

[15] *Id.* at 21–51; *see In re Hannover Corp.*, 310 F.3d 796, 800 (5th Cir. 2002) (indicating that a crooked scheme may establish the absence of good faith).

5

judgment.  (Doc. 71).

    **IT IS SO ORDERED** this 13th day of August, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE